[No. 1912. Decided September 21, 1895.]

THE STATE OF WASHINGTON, on the Relation of W. E. Barton, Appellant, v. GEO. S. HOPKINS et al., Respondents.

COUNTY COMMISSIONERS — CONTROL OF COUNTY. FUNDS — AUTHORITY TO CREATE INCIDENTAL FUND.

The county commissioners have no authority to order the treasurer to transfer moneys from the general county fund to a so-called "incidental fund," created, by them for the purpose of paying the necessary current expenses of the county therefrom.

*Appeal from Superior Court, Thurston County.*

*Milo A. Root,* for appellant.

*Troy & Falknor,* for respondents.

The opinion of the court was delivered by

SCOTT, J.— The relator, at the instance of the county commissioners, performed services for the county in sinking a well to supply the courthouse with water, for which work the commissioners allowed his bill and ordered the county auditor to draw a warrant therefor upon a fund designated as the "incidental fund," which had been created by an order of the commissioners, who from time to time directed the county treasurer to transfer to the credit of said fund moneys from the general county fund.    The respondents, Hopkins and Gelbach, were respectively auditor and treasurer of said county.    The auditor refused to draw the warrant upon the fund specified, and the treasurer refused to transfer moneys from the general fund to the credit of the so-called incidental fund.    Whereupon the relator instituted this proceeding for a mandamus against said officers to compel them to comply with the orders made by the commissioners.

The respondents demurred to the relator's petition on the ground that it did not state facts sufficient to constitute a cause of action.    The demurrer was sustained by the superior court and this appeal has been prosecuted therefrom.

Some questions have been argued in the relator's brief which we are not called upon by the record to decide.    One of these is as to the validity of certain outstanding county warrants upon the general fund. It is also claimed in the relator's brief that, unless the county commissioners have authority to transfer moneys from the general county fund to an incidental fund to meet the necessary current expenses of the county, the conduct of the county's business, owing to the state of its finances, will be greatly impeded and interfered with, if not rendered impossible, in view of the

fact that this court. has held, in *Mason v. Purdy*, 11 Wash. 591 (40 Pac. 130), that county warrants must be paid in the order of their issuance and presentment. And it is contended that it is necessary for the maintenance of the county's business that the commissioners should have the right to transfer moneys from the general county fund to an incidental fund, with which to pay the necessary current expenses of the county. A stronger case is presented in the relator's brief in this respect, also, than the record submitted justifies, for no such state of facts appears thereby. The writer of this opinion did not concur in the decision reached in *Mason v. Purdy*, but it may be well to say that no such question as the relator argues was decided in that case, as the decision there involved the priority of warrants apparently upon an equal footing, drawn against the general county fund.

Of course, it is evident that the maintenance of the state and municipal governments is of paramount consideration, and the necessary means must be provided therefor, or devoted thereto. But, whatever the law may be as to giving a preference to the necessary expenses of conducting the municipal or state business, as against the incoming revenues assessed for the years in which the same is incurred, we are clearly of the opinion that there is no law authorizing the commissioners to withdraw money from the general county fund to create an incidental fund for the purpose of meeting such expenses. The general county fund is created by law for the express purpose of meeting all such expenses as the maintenance and conduct of the county's business, and the county treasurer is directed to place to the credit of this fund all moneys received by him from taxes. belonging thereto. A rule which would authorize the county commissioners to withdraw

moneys belonging to this general county fund and place the same to the credit of another fund of their own creation would be to the detriment of holders of all warrants against the general county fund and clearly a most vicious one generally. It is sufficient to say that there is no authority of law therefor. If this could be done the money belonging to any fund of the county might be taken therefrom and placed to the credit of a different fund which the commissioners might see fit to create or designate, and the administration of municipal affairs would be placed in hopeless confusion.

We think the decision of the superior court was right in the premises, and it is affirmed.

Hoyt, C. J., and Gordon, Anders and Dunbar, JJ., concur.